IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAO YANG, | No. C 11-06414 SBA (PR) |
|     Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RANDY GROUNDS, Warden, | |
|     Respondent. | |

## INTRODUCTION

Petitioner Pao Yang, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a prison disciplinary decision at the California Training Facility ("CTF") that resulted in his loss of time credits. On June 12, 2013, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

The parties are presently before the Court on Respondent's motion to dismiss the petition for failure to state a claim for relief. Dkt. 9. Petitioner has filed an opposition to the motion. Dkt. 10. Respondent filed a reply to the opposition. Dkt. 11. For the reasons discussed below, the Court hereby GRANTS Respondent's Motion to Dismiss.

## BACKGROUND

On March 7, 2010, CTF Correctional Officer J. Gomez conducted cell searches on three different cells at CTF, including Petitioner's cell. Dkt. 1 at 1-2.[1] Petitioner claims that Officer Gomez "did not issue Petitioner a written notice (property receipt) as required nor did [Officer] Gomez notify Petitioner that contraband was taken from his cell per [Title 15 of the California Code of Regulations] § 3287(a)(4)." Id. at 2.

On March 9, 2010, Petitioner was charged with Possession of a Cellular Telephone

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

with Head Set and Chargers as prohibited by Title 15 of the California Code of Regulations § 3006(c)(19). Id. On that same date, Petitioner received a rules violation report ("CDCR-115") which stated that "a cellular phone was discovered in his cell during [Officer] Gomez'[s] search that took place on 3/7/10." Id. According to the CDCR-115, Officer Gomez searched Petitioner's cell and discovered a "can of powder creamer" with a "hidden compartment." Dkt. 1-1 at 5. Inside that hidden compartment, Officer Gomez found "One (1) Samsung Verizon Cellular Phone, One (1) Blue Tooth Head Set, and Two (2) Samsung Chargers." Id. Officer Gomez claims that he "asked [Petitioner] and [his cell mate Inmate] Nguy whom the phone, blue tooth and chargers belonged to, and [Petitioner] admitted to owning the above-mentioned items." Id.

Petitioner now "submits under . . . penalty of perjury that he never stated to . . . [Officer] Gomez that he (Petitioner) was in possession of any cell phone." Dkt. 1 at 3. In his accompanying declaration, Petitioner adds that "[o]nce [Officer] Gomez completed his cell search, he did not state to [Petitioner] that he had found a cellular phone in [Petitioner's] cell." Dkt. 10-1 at 13-14. Petitioner claims he did admit to owning the confiscated "canned food goods," which were considered "contraband due to inmates not being allowed to have 'canned' food items." Id. at 2.

On March 14, 2010, Petitioner was found guilty after a disciplinary hearing, and was assessed a credit forfeiture of thirty days. Dkt. 1-1 at 5. Petitioner contends that his right to due process was violated because Officer Gomez did not comply with prison regulations by failing to issue him a property receipt of "all contraband posing a security breach while conducting a cell search," as required by Title 15 of the California Code of Regulations § 3287(a)(4) and CTF Operations Procedure No. 26. Dkt. 1 at 7. Because no property receipt was issued after the search on March 7, 2010, Petitioner claims he was denied the opportunity to present documentary evidence (during the disciplinary hearing) of what was actually taken from his cell at the time of the search. Id. at 9.

Petitioner filed a 602 inmate appeal challenging the guilty finding and appealing each

2

1  denial to the highest level, the Director's level of review.  Id. at 3.

2  Petitioner also alleges that he has exhausted his state court remedies by filing habeas
3  corpus petitions in all three levels of the California State courts.  All of these petitions were
4  denied.  Petitioner seeks restoration of his lost time credits and expungement of the
5  disciplinary action.

## DISCUSSION

### I. Due Process

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence.  See Sandin v. Conner, 515 U.S. 472 (1995).  Because the discipline imposed here included the loss of time credits, due process is required by Sandin.  See, e.g., Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) (prisoners have liberty interest in good time credits under statutory scheme bestowing mandatory sentence reductions for good behavior, due to effect on duration of sentence).

The process due in such a prison disciplinary proceeding includes: (1) written notice of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) allowing the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (5) aid from a fellow inmate or staff member where an illiterate inmate is involved or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.  See Wolff v. McDonnell, 418 U.S. 539, 564, 566, 570 (1974).  The findings of the prison disciplinary board must be supported by "some" evidence.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985).  And there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions.  See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).  The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures.  See Walker v. Sumner,

14 F.3d 1415, 1419-20 (9th Cir. 1994), overruled on other grounds by Sandin, 515 U.S. 472.

## II.    Analysis

Title 15 of the California Code of Regulations, section 3287, pertains to "Cell, Property and Body Inspections." Dkt. 1-1 at 3.  This section provides that "[t]he purpose of such inspections is to fix responsibility or the absence of responsibility for security and safety hazards and serious contraband found in the cell, room or dormitory area." Id.  Under § 3287(a)(1), a correctional officer charged with conducting the inspection is authorized to search "occupied cells, rooms and dormitory areas, including fixtures and lockers, and any personal and state-issued property of the occupant . . . on an infrequent and unscheduled basis."  Cal. Code Regs. tit. 15, § 3287(a)(1).  The regulations further provide that:

> The inmate will be given a written notice of any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property.  The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer.

Id. § 3287(a)(4).

Meanwhile, CTF Operations Procedure No. 26 states under the "CONTRABAND POSSESSION" section that "[p]ossession of contraband may result in disciplinary action and confiscation of the contraband in accordance with [Title 15 of the California Code of Regulations] § 3006."  Dkt. 1-1 at 4.  It further states similar language to the regulation above:

> The inmate shall be given written notice for any item(s) of personal and authorized state-issued property that is removed from their living area during an inspection/search and the disposition made of such property.  The notice shall also list any contraband that is removed or any breach of security noted during the inspection/search.

Id.

Petitioner strenuously contends that his disciplinary conviction violates due process because Officer Gomez did not issue written notice (i.e., a property receipt) relating to the seized contraband.   However both § 3287 and CTF Operations Procedure No. 26 comport with the due process requirements specified in Wolff.  As discussed, the Due Process Clause

4

1 guarantees only those protections outlined in Wolff; it does not mandate that prisons comply
2 with their own more generous rules. See Walker, 14 F.3d at 1419-20; accord Bostic v.
3 Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline
4 requiring hearing to be held in eight days of charge would not alone constitute denial of due
5 process). Thus, the mere fact Officer Gomez may not have complied with his duty to issue a
6 property receipt (as outlined by § 3287 and CTF Operations Procedure No. 26) does not
7 establish that Petitioner was denied due process of law. Rather, Petitioner must show that he
8 was denied sufficient process under the Wolff standard. To the contrary, the record shows
9 that Petitioner *was* given sufficient process under the Wolff standard, including: (1) written
10 notice of the charges when he received the CDCR-115 on March 9, 2010; (2) five days after
11 receiving the CDCR-115 to prepare for the March 14, 2010 hearing; (3) a completed copy of
12 the CDCR-115 to serve as the written statement by the fact-finders as to the evidence relied
13 on and reasons for the disciplinary action; and (4) an opportunity to call his cell mate, Inmate
14 Nguy, in his defense and to cross-examine Officer Gomez relating to the items confiscated
15 during the March 7, 2010 search.[2]  See Wolff, 418 U.S. at 564, 566, 570.

16 In his opposition, Petitioner argues that he was denied due process because he was not
17 allowed to present documentary evidence in the form of a property receipt to show what
18 items were confiscated during the March 7, 2010 search. Dkt. 10 at 9. This contention lacks
19 merit. While there was no property receipt for Petitioner to present as documentary evidence
20 to the hearing officer, the Court notes that Petitioner was able to present similar testimonial
21 evidence by questioning Officer Gomez during the disciplinary hearing. Dkt. 1-1 at 7.
22 During his testimony, Officer Gomez admitted he did not issue a property receipt during the
23 search in question.[3]  Id. Petitioner asked Officer Gomez what he confiscated from
24 Petitioner's cell after the search. Id. Officer Gomez testified that he confiscated "[a]
25 Samsung cellular phone, Blue Tooth, two chargers, one for the cellular phone, one for the

---

[2] There is nothing in the record indicating that Petitioner is an illiterate inmate or that the issues are complex; therefore, the Court need not consider whether Petitioner needed aid from a fellow inmate or staff member during the disciplinary hearing.

[3] The record does not explain why Officer Gomez did not issue a property receipt.

5

Blue Tooth, and two powder cream cans, both cans were empty." Id. Officer Gomez also testified that he "took can[ned] foods." Id. Thus, the record shows that Petitioner was able to present the same information relating to the items that Officer Gomez allegedly confiscated from his cell even though he did not have the aforementioned property receipt. Whether or not the hearing officer believed such testimony is a credibility determination that is irrelevant to whether Petitioner's due process rights were violated.

In sum, the Court finds Petitioner fails to state a due process violation because he was afforded the procedures mandated by Wolff during his disciplinary hearing on March 14, 2010. The Due Process Clause only requires that Petitioner be afforded those procedures mandated by Wolff and its progeny; it does not require that Officer Gomez should have complied with prison regulations mandating the issuance of a property receipt. See Walker, 14 F.3d at 1419-20. Finally, even though Petitioner argues that he did not have access to certain documentary evidence, the record shows he was nonetheless able to present the same evidence at the disciplinary hearing through testimonial evidence. As such, he suffered no prejudice as a result of not having the property receipt. Accordingly, Petitioner fails to state a claim for relief under the Due Process Clause.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 9) is GRANTED, and the petition for a writ of habeas corpus is DISMISSED for failure to state a claim for relief. The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 3/31/14

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge